IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01200-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

HENRY K. POKU

    Plaintiff,

v.

I.R.S,

    Defendant.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND AMEND COMPLAINT**

---

Plaintiff, Henry K. Poku, is a resident of Aurora, Colorado.  Plaintiff, acting *pro se*, initiated this action by filing a Complaint on June 8, 2015. (ECF No. 1).  Plaintiff also submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). (ECF No. 2).  Plaintiff asserts one claim for relief based on an allegedly erroneous tax bill from the I.R.S. (ECF No. 1 at 3).  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that the submitted documents are deficient as described in this Order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims in this Court in this action.  Any papers that Plaintiff files in response to this Order must include the civil action number noted above in the caption of this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)    \_\_    is not submitted

2)      __      is not on a proper Court-approved form (must use the Court's current Prisoner "Motion Pursuant to 1915 (Waive Fee) Complaint" form).
(3)     __      is missing affidavit
(4)     __      is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(5)     __      is missing certificate showing current balance in prison account
(6)     __      is missing authorization to calculate and disburse filing fee payments
(7)     __      is missing an original signature by the prisoner
(8)     __      other:

**Complaint, Petition or Application**:
(9)     __      is not submitted
(10)    __      is not on proper form (must use the Court-approved Prisoner Complaint Form).
(11)    __      is missing an original signature by the prisoner
(12)    _X_     is incomplete (Complaint must include complete information in the "Parties" section (including complete addresses) and the "Jurisdiction" section).
(13)    __      uses et al. instead of listing all parties in caption
(14)    __      names in caption do not match names in text
(15)    __      other:

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Plaintiff's Complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. He will, therefore, be directed to file an amended complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."

The Plaintiff's complaint does not contain any statement regarding the grounds for the court's jurisdiction and also does not clearly state a demand for relief.

The Court also notes that Plaintiff is suing the wrong party. "The Internal Revenue Service is not an entity capable of being sued." *Abell v. Sothen*, 214 F. App'x 743, 751 (10th Cir. 2007) (citing *Posey v. United States Dept. of the Treasury-Internal Revenue Service*, 156 B.R. 910, 917 (W.D. N.Y. 1993) (stating that "suit against the IRS or the Treasury Department is not available in federal court"). A suit purporting to bring claims against the IRS is deemed to be a suit against the United States. *Id.* (citing *Posey*, 156 B.R. at 917). Therefore, the United States must be substituted for the IRS as the Defendant in this action.

Further, since the United States is the Defendant in this action, Plaintiff is reminded that "the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608

(1990) (quotations and citations omitted); *accord, e.g., United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity is not to be implied, but must be unequivocally expressed, *Mitchell*, 445 U.S. at 538, and it must be strictly construed in favor of the sovereign, *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action, and dismissal is required. *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999). *Normandy Apts., Ltd.v. United States*, 554 F.3d 1290, 1295 (10th Cir. 2009). General jurisdiction statutes provide no such consent. *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990). Additionally, even if Plaintiff identifies a basis for waiver, *i.e.*, a statutory cause of action, the Court should construe that waiver narrowly, resolving any doubts in the sovereign's favor. *United States v. Nordic Village*, 503 U.S. 30, 34 (1992); *Dalm*, 494 U.S. at 608. Taxpayers must show that they fulfilled each cause of action's threshold prerequisites. *See, e.g., Lonsdale*, 919 F.2d at 1443. Prerequisites, in general, may include a requirement to exhaust administrative remedies, a duty to mitigate damages, and a specific statute of limitations. *See, e.g.*, 26 U.S.C. §§ 7422(a); 7432(d).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). This Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint, with complete information (including Parties and Jurisdiction sections), that sues the proper party and complies with the requirements of

Fed. R. Civ. P. 8.

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above by filing an Amended Complaint, which includes complete information, sues the correct party, and complies with Rule 8 of the Federal Rules of Civil Procedure, **within thirty days from the date of this Order**.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that the Plaintiff shall obtain the court-approved form for filing a Complaint, along with the applicable instructions, at www.cod.uscourts.gov.  Plaintiff shall use the form in curing the deficiencies noted.  It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order,** this action will be dismissed without further notice.

DATED:  June 18, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge